UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| EDWIN R. NEWSOM | ) |
| | ) Civil Action No.: |
| Plaintiff, | ) |
| v. | ) |
| | ) |
| LABRIE ENVIRONMENTAL GROUP | ) JURY TRIAL DEMANDED |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |

## COMPLAINT FOR DAMAGES

COMES NOW, Edwin R. Newsom ("Plaintiff"), through undersigned counsel, and files this lawsuit against Labrie Environmental Group ("Defendant"), and for his Complaint shows the following:

### I.   Nature of Complaint

1.

Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein.

1

2.

This action seeks all declaratory relief, along with punitive and actual damages, attorneys' fees and costs for Defendant's discrimination and retaliation against Plaintiff in violation of the Family and Medical Leave Act (FMLA), 29 U.S.C. § 2601 et seq. and discrimination based on disability and retaliation for engaging in protected activity in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq., ("ADA").

3.

On December 8, 2025, Plaintiff received his Notice of Right to Sue from the EEOC.

4.

Therefore, Plaintiff has timely filed his complaint for damages within the 90-day period.

## II.  Jurisdiction and Venue

5.

The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331.

6.

Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because Defendant's principal office is in this district.

### III. Parties

7.

Defendant at all relevant times has been an "employer" as defined by the ADA and FMLA

8.

Defendant at all relevant times has been an "employer" subject to the ADA and FMLA,

9.

Plaintiff at all relevant times has been an "employee" covered under the ADA and FMLA.

10.

Defendant can be served through their attorney, Christine Mast, at 303 Peachtree Street, Suite 4000, Atlanta, Georgia 30308.

### IV. Factual Allegations

11.

Plaintiff became employed with the Defendant on or around February 27, 2023.

12.

On July 20, 2025, Plaintiff was unexpectedly admitted into the hospital for respiratory arrest.

13.

Plaintiff immediately contacted my supervisor, Winn, via Teams to inform him of his medical condition and need for leave.

14.

Plaintiff was discharged from the hospital and began working again on July 28, 2025.

15.

Soon after, Winn contacted Plaintiff and told him he was being terminated. Winn told Plaintiff that his termination was because of complaints Defendant had received about training he did in Atlanta and Lafayette, Georgia.

16.

Defendant had been aware of feedback from customers regarding Plaintiff's work performance prior to his hospital stay.

17.

It was only after Plaintiff's unexpected hospital stay, did Defendant took any disciplinary action.

18.

At no time did Defendant provide Plaintiff with required FMLA eligibility and rights notices upon learning of his need for FMLA-qualifying leave.

19.

Defendant's termination of Plaintiff closely followed his protected requests and intended use of FMLA-qualifying protected leave.

## COUNTS I & II
## (FMLA INTERFERENCE AND RETALIATION)

20.

Plaintiff repeats and re-alleges the preceding paragraphs as if set forth fully herein.

21.

Defendant is and, at all times relevant, has been an 'employer' as defined by the FMLA.

22.

Plaintiff was an eligible employee under the FMLA.

23.

Plaintiff engaged in protected conduct under the Family and Medical Leave Act, entitling him to all appropriate relief under the statute.

24.

Plaintiff attempted to take FMLA-qualifying leave for an unexpected medical condition.

25.

Defendant made the decision to terminate Plaintiff while he was on protected FMLA leave.

26.

Defendant interfered with Plaintiff's rights protected under the Family and Medical Leave Act, 29 U.S.C. § 2601, et seq., entitling Plaintiff to all appropriate relief under the statute.

27.

Defendant retaliated against Plaintiff for the exercise of protected conduct under the Family and Medical Leave Act, 29 U.S.C. § 2601, et seq., entitling Plaintiff to all appropriate relief under the statute.

28.

Defendant terminated Plaintiff because of his need for FMLA leave and/or due FMLA protected work absences. Any reason given for Plaintiff's termination is pretext for unlawful FMLA interference and/or retaliation.

29.

Defendant terminated Plaintiff in retaliation for his exercise of rights protected by the FMLA. In so doing, Defendant violated the FMLA.

30.

As a result of his termination, Plaintiff has suffered lost wages and other damages for which he is entitled to recover. Defendant's violations of the FMLA were reckless and Plaintiff is entitled to liquidated damages.

31.

Defendant acted with malice and in reckless indifference to Plaintiff's federally protected rights.

## COUNTS III & IV
## Americans with Disabilities Act
## (DISABILITY DISCRIMINATION AND RETALIATION)

32.

Plaintiff repeats and re-alleges the preceding paragraphs as if set forth fully herein.

33.

Plaintiff is an individual with a disability under the ADA.

34.

Plaintiff engaged in protected conduct under the ADA, entitling him to all appropriate relief under the statute.

35.

Defendant retaliated against Plaintiff when it gained knowledge of Plaintiff's intent to take definite leave under the ADA, entitling Plaintiff to all appropriate relief under the statute.

36.

Defendant terminated Plaintiff because of his exercise of rights protected by the ADA. Any reason given for Plaintiff's termination is pretext for unlawful retaliation.

37.

As a result of his termination, Plaintiff has suffered lost wages and other damages for which he is entitled to recover. Defendant's violations of ADA were reckless and Plaintiff is entitled to compensatory and punitive damages.

38.

Defendant acted with malice and in reckless indifference to Plaintiff's federally protected rights.

## **Prayer for Relief**

Plaintiff, having been discriminated against by Defendant, has suffered irreparable harm for which there is no plain, adequate, or complete remedy at law.

WHEREFORE, Plaintiff respectfully requests that this Court grant:

(a) General damages for mental and emotional suffering caused by Defendant's misconduct;

(b) Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts, including ratification, condemnation and approval of said acts;

(c) Special damages and/or liquidated damages for lost wages and benefits and prejudgment interest thereon;

(d) Reasonable attorney's fees and expenses of litigation;

(e) Trial by jury as to all issues;

(f) Prejudgment interest at the rate allowed by law;

(g) Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights;

(h) Injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant from further unlawful conduct of the type described herein; and

(i) All other relief to which he may be entitled.

Respectfully submitted this 6 March 2026.

                                                s/ Jeremy Stephens
                                                Jeremy Stephens, Esq.
                                                GA Bar No.: 702063
                                                191 Peachtree Street, N.E., Ste 4200
                                                Post Office Box 57007
                                                Atlanta, Georgia 30343-1007
                                                Tel: (404) 965-1682
                                                E-mail: jstephens@forthepeople.com